UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11178-RGS

ARTHUR D'AMARIO, III

v.

THOMAS M. QUINN, III and KYLE P. HEAGNEY

ORDER

August 26, 2024

STEARNS, D.J.

Plaintiff Arthur D'Amario, III, a resident of Rhode Island, initiated this action by filing a *pro se* complaint against Mark E. Sturdy, the Clerk-Magistrate of the Attleboro District Court and Kyle P. Heagney, the Chief of the Attleboro Police Department.[1]

In a Memorandum and Order dated July 16, 2024, the court informed D'Amario that the complaint is subject to dismissal. At that time, the Court granted D'Amario's motion for leave to proceed *in forma pauperis*. The Memorandum and Order stated that except for the allegations concerning alleged actions taken by the defendants in September 2023, the other claims are barred by the doctrine of *res judicata* or claim preclusion. As to alleged actions taken in September 2023, D'Amario failed to identify any

---

[1] The court's records indicate D'Amario voluntarily dismissed the lawsuit he filed against the City of Attleboro and Clerk-Magistrate Sturdy after being permitted to file an amended complaint. *See D'Amario v. City of Attleboro, et al.*, No. 21-10027-WGY (closed Mar. 10, 2021).

particularized facts that state a claim for relief. D'Amario was advised that this action will be dismissed in 21 days unless D'Amario files an amended complaint which cures the pleading deficiencies and sets forth a plausible claim upon which relief may be granted.

Now before the court is D'Amario's amended complaint. The amended complaint again names as a defendant Kyle P. Heagney, the Chief of the Attleboro Police Department, The amended complaint no longer names Mark E. Sturdy, the Clerk-Magistrate of the Attleboro District Court, as a party, and instead names as a defendant Thomas M. Quinn, III, the Bristol County District Attorney. The amended complaint seeks injunctive relief for the alleged violation of D'Amario's rights under the Americans with Disabilities Act and the United States Constitution.

Specifically, D'Amario alleges that he learned in September 2023 that the "Defendants have an active arrest warrant pending and seeking his physical custody, known as *Com. v. D'Amario*, No. 1498 CR 3305." Am. Compl. at ¶ 6. D'Amario alleges that the defendants filed the complaint ten years ago in Attleboro District Court. *Id.* D'Amario contends that the state court took no action when D'Amario filed a motion for assigned counsel, an affidavit of indigency and letter to the First Judge seeking counsel. *Id.* at ¶ 7. D'Amario states that he "knows from past practice of these Defendants that "they have staged a courtroom ambush for his arraignment, *see id.* at ¶

2

8, and that "they will ambush him at arraignment and obtain his pretrial detention by presenting counterfeit 'evidence' of purported criminality and lying to the court about his history with the forum state." *Id.* at ¶ 9.

D'Amario states that the defendants denied his public records request stating that the documents were exempt from disclosure under the Massachusetts Public Records Act. *Id.* at ¶ 10. He contends that the arrest warrant "has been concealed to try to get Plaintiff arrested and placed in immediate custody by surprise whenever he has mundane police contact anywhere, such as a traffic stop." *Id.* at ¶ 13. D'Amario contends that the "abuse that is scheduled for him while in pretrial detention will violate his rights under the Equal Protection and Due Process Clauses." *Id.*

For relief, D'Amario seeks to have this court (a) restrain the defendants "from acting on the warrant in 1498 Cr 3305," (b) "order Defendants to destroy and expunge any matter, information or records they possess concerning Plaintiff that is deemed confidential and/or privileged," and (c) find that the 10/24/23 and 11/1/23 denials of public records by defendants is a violation of Plaintiff's First Amendment right of access." *Id.* at 3.

Here, even with a generous reading of the amended complaint, it does not cure the pleading deficiencies of the original complaint and fails to set forth a plausible claim upon which relief may be granted. Plaintiff was given an opportunity to state additional facts to plead a cognizable claim but there

are no facts alleged in the amended complaint to support D'Amario's claim that an arrest warrant has been concealed and that the Chief of Police and District Attorney are planning to "ambush" D'Amario. Under these circumstances, it seems unlikely that D'Amario is able to state additional facts that would suffice to make out a cognizable claim. Thus, it appears futile to permit further amendment.

To the extent D'Amario seeks to challenge the denial of his public records request, he must follow the process outlined in the Massachusetts Public Records Act, G.L.c. 66, § 1 *et seq*.

For the foregoing reasons, and in accordance with the court's July 26, 2024 Memorandum and Order, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                                        SO ORDERED.

                                        /s/ Richard G. Stearns
                                        UNITED STATES DISTRICT JUDGE